**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**JAMES ESTUS SMITH**

$\hspace{10cm}$ **PLAINTIFF**

**VS.**$\hspace{5cm}$**CIVIL ACTION NO. 2:11cv221-KS-MTP**

**MATTHEW HAYES**$\hspace{6cm}$**DEFENDANT**

<u>**ORDER**</u>

This matter is before the Court on the Plaintiff James Estus Smith's Motion for

Writ of Execution [93].  On June 11, 2013, Plaintiff obtained a default judgment against

Defendant "Matthew Hayes in the amount of $3,500.00 for actual damages received

and $1,500.00 for punitive or exemplary damages, plus all costs of this action."

(Judgment by Default [85].)  Plaintiff subsequently filed the following motions relating to

the default judgment:  Motion for Discovery [86]; Motion to Freeze Defendant's Assets

[87]; Request for Court Costs to be Removed from Account [88]; and Motion to Clarify

Relief [89].  On July 1, 2013, the Court denied the Plaintiff's motions for the reasons

stated in its Opinion and Order [90].  Plaintiff now seeks a writ of execution from the

Clerk of Court pursuant to Federal Rules of Civil Procedure 69 and 70(d).

Rule 70 provides in pertinent part:  "On application by a party who obtains a

judgment or order for possession, the clerk must issue a writ of execution or

assistance."  Fed. R. Civ. P. 70(d).  This Rule applies when "a judgment directs a party

to execute a conveyance of land or to deliver deeds or other documents or to perform

any other specific act and the party has failed to comply within the time specified."  12

Charles Alan Wright et al., *Federal Practice and Procedure* § 3021 (2d ed.) (citations

omitted).  The Judgment by Default [85] is a money judgment and does not order

Defendant Hayes to convey property or perform any other specific act. Therefore, the Plaintiff is not entitled to a writ of execution pursuant to Rule 70(d).

> Rule 69, which applies to money judgments, states in pertinent part:
>
> (1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution–and in proceedings supplementary to and in aid of judgment or execution–must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P. 69(a). United States Marshals are charged with serving and enforcing writs of execution issued by federal district courts. *See, e.g.*, 28 U.S.C. § 1921(a)(1); Fed. R. Civ. P. 4.1(a); *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17, 19-20 (2d Cir. 1995).

Plaintiff's request for a writ of execution pursuant to Rule 69 is not well taken. Plaintiff has failed to identify any specific asset or property belonging to Defendant Hayes that is available to execute upon to satisfy, in whole or in part, the Judgment by Default [85]. Thus, Plaintiff's motion contemplates a writ of execution listing the amount of the underlying monetary judgment, but omitting any specific property that may be seized by the U.S. Marshal to satisfy the judgment. The Court finds that enforcement of such a writ would be impracticable and that the Plaintiff should attempt to discover assets belonging to Defendant Hayes prior to seeking execution in this Court. *Cf. Harley v. Health Ctr. of Coconut Creek, Inc.*, No. 04-61309, 2008 WL 1885795, at *1-2 (S.D. Fla. Apr. 28, 2008) (determining that traditional processes, such as discovery in

aid of execution, should take place prior to the issuance of a writ of execution, and denying a motion for a writ that would have directed a U.S. Marshal to enter the defendant's business and demand payment).

The Court previously denied Plaintiff's Motion for Discovery [86] due to his failure to provide enough information for the Court "to determine whether the discovery sought is unreasonably cumulative or duplicative; whether the discovery can be obtained from some other less burdensome, more convenient source; or whether the burden or expense of the proposed discovery outweighs its likely benefit." (Opinion and Order [90] at p. 3) (citing Fed. R. Civ. P. 26(b)(2)(C)). Nonetheless, this denial was without prejudice to the Plaintiff re-urging his request to conduct post-judgment discovery, provided that he "specify the subject matters upon which he seeks information, the specific discovery device(s) he seeks to employ to gain such information, and from whom he proposes to obtain the information." (Opinion and Order [90] at p. 6.) The Court directs the Plaintiff to its prior Order and to Rule 69(a)(2), which is quoted above, if he seeks to employ discovery in aid of execution on the Judgment by Default [85] in this Court.

The Court also takes note that there are procedural mechanisms under which the Plaintiff may seek execution on the Judgment by Default [85] in a Mississippi state court. The Mississippi Court of Appeals' decision in *Buckley v. Personnel Support Systems, Inc.*, 852 So. 2d 648 (Miss. Ct. App. 2003), discusses at length two procedures by which a federal district court judgment may be given effect in a Mississippi circuit court: (1) filing an abstract of judgment pursuant to Miss. Code Ann. §§ 11-7-195, 11-7-197; and (2) the Uniform Enforcement of Foreign Judgments Act,

Miss. Code Ann. §§ 11-7-301 through 11-7-309.  Moreover, Miss. Code Ann. §§ 15-1-43, 15-1-45 and 15-1-47 contain provisions regarding the length of time a judgment is effective under Mississippi law.  The preceding authorities are in no way exhaustive of the Mississippi law potentially applicable to the Judgment by Default [85].  Furthermore, the Court leaves it to the Plaintiff to determine which, if any, of these Mississippi authorities he relies upon in his efforts to execute on the subject judgment since the Court's task is to function as an impartial decision maker and not to act as an advocate for any party.

## CONCLUSION

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that the Plaintiff's Motion for Writ of Execution [93] is denied without prejudice.  Plaintiff may again seek a writ of execution in this Court after he discovers and identifies any specific asset or property belonging to the Defendant Matthew Hayes that is subject to execution.

SO ORDERED AND ADJUDGED this the 27th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE